```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GUY D. LIVINGSTONE,                             :
                                                :
                        Plaintiff,              :
                                                :         SUMMARY ORDER
            -against-                           :         19-cv-00839 (DLI) (SJB)
                                                :
TOUGH MUDDER INCORPORATED and                   :
ACTIVE NETWORK, LLC,                            :
                                                :
                        Defendants.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is Defendant Active Network, LLC's ("Active") unopposed letter motion to stay this litigation as to non-debtor Active following the filing of an involuntary petition for chapter 11 bankruptcy against Defendant Tough Mudder Inc. ("TMI") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Action"). *See*, Mot. to Stay, Dkt. Entry No. 41. For the reasons set forth below, the motion is granted. Accordingly, the litigation is stayed in its entirety and is administratively closed with leave to move to reopen within thirty (30) days of the conclusion of the Bankruptcy Action.

## BACKGROUND

Plaintiff Guy D. Livingstone ("Livingstone") brings this diversity action against TMI, which allegedly breached its obligations to him under an Intercreditor Agreement, Third Amended and Restated Redemption Agreement, and promissory note ("Note"), and against Active, which allegedly committed tortious interference with respect to certain of those contracts. *See*, Second Amended Complaint, Dkt. Entry No. 31 ¶¶ 1, 21-28, 81. Specifically, and as relevant here, Livingstone alleges that Active extended credit and financing to TMI through an amendment to a Master Services Agreement ("MSA Amendment") and Services and Governance Agreement

("SGA"), and that through this extension of credit and financing, Active induced TMI to breach its obligations to him under the Intercreditor Agreement and Note. *Id.* ¶¶ 2, 81-87.

On January 7, 2020, TMI filed a letter stating that "three creditors of TMI commenced an Involuntary Petition for Bankruptcy against TMI in the United States Bankruptcy Court for the District of Delaware." TMI Ltr., Dkt. Entry No. 39. Accordingly, this case automatically was stayed as to debtor TMI pursuant to 11 U.S.C. § 362(a). On January 14, 2020, following a status conference, the Hon. Sanket J. Bulsara, United States Magistrate Judge, set a schedule for briefing on the non-debtor's motion to stay this action.

On January 24, 2020, non-debtor Active filed the instant Motion to Stay, arguing that there are two independent bases upon which to stay this litigation as to it. First, Active contends that an automatic stay applies to it pursuant to the Second Circuit's holding in *Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003). *See*, Mot. to Stay at 2. Second, Active contends that the Court should impose a stay pursuant to its inherent authority to control the efficient resolution of cases on its docket. *Id.* By letter filed on February 5, 2020, Livingstone stated that it did not oppose Active's request for a stay, without conceding the merits of the request. Livingston Ltr., Dkt. Entry No. 42.

**LEGAL STANDARD**

"Section 362(a)(1) [of 11 U.S.C.] provides that a bankruptcy petition 'operates as a stay' of 'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor.'" *In re Residential Capital, LLC*, 529 F. App'x 69, 70 (2d Cir. 2013) (summary order) (quoting 11 U.S.C. § 362(a)(1)). "A suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd.*, 321 F.3d at 287. "The

2

automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.*

Even where the automatic bankruptcy stay does not apply, a court may "still invoke its discretionary authority to stay the proceedings." *See*, *Lightbody v. Girlie's Ambulette Serv. Inc.*, 2010 WL 3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The proponent of a stay, however, 'bears the burden of demonstrating that such a stay is justified.'" *Lightbody*, 2010 WL 3417844, at *2 (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997).

## DISCUSSION

Active contends that a stay is appropriate under *Queenie* because the adjudication of claims against Active will have immediate economic consequences for TMI. Active points to § 2.6 of the SGA, which provides that TMI agrees to indemnify Active for all liability and expenses associated with any claims arising out of the SGA or the MSA Amendment. *See*, Mot. to Stay at 3 & Ex 1 at 4. Active further asserts, and Livingstone does not contest, that the SGA and the MSA Amendments are "the very agreements through which Livingstone contends that Active engaged in tortious interference." Mot. to Stay at 3. Accordingly, allowing this litigation to proceed against Active probably would result in claims for indemnification by Active against TMI under the SGA. *Id.*

Courts in this Circuit have recognized that indemnification obligations can create the "immediate adverse economic consequence for the debtor's estate" warranting an automatic stay of the action as to a non-debtor. *See, e.g.*, *Fareportal Inc. v. Travana, Inc.*, 2017 WL 11512550, at *1 (S.D.N.Y. Sept. 25, 2017) ("[I]ndemnification obligations running from debtor to non-debtor can form the basis for extending the bankruptcy stay to the non-debtor" (citing *Queenie*, 321 F.3d

3

at 287)); *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, 2010 WL 1193151, at *3 (E.D.N.Y. Mar. 23, 2010) ("[B]ecause the Debtors have already pledged to indemnify the Officers, a claim against the Officers will, when entered, constitute a claim (and hence, an 'immediate adverse economic consequence') against the estate." (quoting *Queenie*, 321 F.3d at 287)); *But See*, *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016) ("The mere possibility of a future indemnification claim will not support application of the automatic stay"). Given that the indemnification clause in the SGA provides that TMI agrees to indemnify Active for any claims arising out of the SGA or the MSA Amendment, and that Livingstone's claim against Active arises out of those agreements, the Court concludes that allowing this litigation to proceed against Active will result in immediate economic consequences for TMI. Accordingly, the Court extends the automatic stay from TMI to non-debtor Active.

Because the Court extends the automatic stay to non-debtor Active, it need not consider whether to impose a stay pursuant to its inherent authority.

## CONCLUSION

For the reasons set forth above, Defendant's motion to stay is granted. Accordingly, the litigation is stayed in its entirety and is administratively closed with leave to move to reopen within thirty (30) days of the conclusion of the Bankruptcy Action.

SO ORDERED.

Dated: Brooklyn, New York
       April 17, 2020

/s/
DORA L. IRIZARRY
United States District Judge

4